IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **BOLARINWA OKEZIE,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CBD-13-0168 |
| **PRINCE GEORGE'S COUNTY, MARYLAND, et al.,** | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION**

Before the Court is Defendants' Motion for Bifurcation and Request for Hearing ("Motion") (ECF No. 52). The Court has received and reviewed the Motion, related memoranda, and applicable law thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

**I.    Background**

Plaintiff Bolarinwa Okezie ("Plaintiff") was arrested by Defendant Officers Nicholas Leonard and Lucy Muse (collectively "Defendant Officers") on April 19, 2011 and charged with disorderly conduct, obstructing and hindering, and resisting arrest. First Am. Compl. ¶¶ 15, 63, ECF No. 24. On August 8, 2013, Plaintiff filed her First Amended Complaint arising out of the event, alleging 1) claims of unlawful detention, malicious prosecution, excessive force, First Amendment retaliation, failure to provide medical care, and intentional infliction of emotional distress against the individual Defendant Officers, and 2) a *Monell* violation against Defendant Prince George's County ("Defendant County"). *Id.* at ¶¶ 74–153. Specifically, Plaintiff's

*Monell* claim alleges that "Defendant [County] developed and maintained ordinances, policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the geographic and jurisdictional limits of Prince George's County, which caused violations of Plaintiff's constitutional rights."  *Id.* at ¶ 125.

Defendants now seek to bifurcate Plaintiff's claims, so that her claims against Defendant Officers would be resolved first followed by any remaining claims against Defendant County. Mot. Mem. 6, ECF No. 52-1.  Defendant County also seeks to impose a limited stay of discovery concerning its liability pending the outcome of the claims against Defendant Officers.  *Id*.

## II.     Discussion

Defendants argue that bifurcation and a discovery stay would be conducive to judicial economy and would avoid unfair prejudice to the individual Defendant Officers.  Mot. Mem. 1. Plaintiff maintains that her claims against the municipality are closely tied to the claims against Defendant Officers, and that it is necessary to present these claims together because the unconstitutional policies of the municipality facilitated Defendant Officers' actions.  Resp. 2, ECF No. 58.  The Court has broad discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if clearly abused.  *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993), *cert. denied*, 510 U.S. 915 (1993).

### A. Section 1983 Cases are Good Candidates for Bifurcation, Because Municipal Liability is Dependent on an Initial Finding that a Government Employee Violated a Plaintiff's Constitutional Rights

Under the Federal Rules of Civil Procedure, the Court may order separate trials of any claims or issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."  Fed. R. Civ. P. 42(b).  The determination of whether bifurcation is appropriate is fact specific.  *Dawson v. Prince George's County, et al.*, 896 F.

Supp. 537, 540 (D. Md. 1995). Bifurcation is fairly common in § 1983 cases where a plaintiff has asserted claims against individual government employees as well as the municipal entity that employs and supervises these individuals. *See id.* at 539–40; *see also Ransom v. Baltimore County, et al.*, 111 F. Supp. 2d 704, 708 (D. Md. 2000); *Marryshow v. Bladensburg, et al.*, 139 F.R.D. 318, 318–19 (D. Md. 1991). Under § 1983, municipalities are directly liable for constitutional deprivations only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell, et al. v. Dep't of Social Servs., et al.*, 436 U.S. 658, 694 (1978); *Spell v. McDaniel, et al.*, 824 F.2d 1380, 1385 (4th Cir. 1987). Municipal liability in this context is thus dependent on an initial finding that a government employee violated a plaintiff's constitutional rights. *Beasley v. Kelly, et al.*, CIV. A. DKC 10-0049, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010) (citing *Dawson*, 896 F. Supp. at 540). Section 1983 cases are good candidates for bifurcation because a subsequent trial of the municipality is necessary only if the government employees are found liable. *Id.*

Plaintiff alleges violations of her constitutional rights with regard to her arrest by Defendant Officers. Since the Court may not impose vicarious liability under a § 1983 action, the viability of Plaintiff's claims against Defendant County hinge on her ability to show that Defendant Officers, or another "active" defendant, violated her constitutional rights. *Dawson*, 896 F. Supp. at 540 (citing *Marryshow*, 139 F.R.D. at 318–20); *see also City of Los Angeles, et al. v. Heller*, 475 U.S. 796, 799 (1986) (affirming that no caselaw exists which "authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm"). If Plaintiff fails in her efforts to show that an active defendant violated her constitutional rights, her claims

3

against Defendant County likewise fail. *Dawson*, 896 F. Supp. at 540); *see also City of Los Angeles, et al. v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."). For this reason, bifurcation in this matter would preserve judicial economy.

**B. Bifurcation in Section 1983 Cases Allows for Isolation of Potentially Highly Prejudicial Evidence**

Bifurcation in § 1983 cases allows the court to isolate evidence regarding municipal policies and customs, which is relevant under the *Monell* analysis, but which would be highly prejudicial to the individual government employees. *Beasley*, 2010 WL 3221848, at *3 (citing *Dawson*, 896 F. Supp. at 540). Evidence of a municipality's custom, practice, or policy may include indication of "prior incidents of police brutality, the nature of such incidents, and the municipal policymakers' reaction to them." *Marryshow*, 139 F.R.D. at 320.

Plaintiff, in her Second Amended Complaint,[1] has alleged that the policies, practices, and procedures of Defendant County "have fostered an environment that allows the County officers to violate the civil rights of its citizens through the unlawful use of force." Resp. 2. While this evidence is most certainly relevant to Plaintiff's case against Defendant County, the Court would not likely allow it in Plaintiff's case against Defendant Officers. *Dawson*, 896 F. Supp. at 540. The prejudicial effect of such evidence would clearly outweigh its probative value. *Dawson*, 896 F. Supp. at 540. In addition, the Court would most likely exclude evidence of an individual Defendant Officer's past conduct aimed at proving his or her character and

---

[1] Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 56) was submitted on February 14, 2014 and is currently before the Court.

propensities. *Id.* (referencing Fed. R. Evid. 404(a)(1)). For these reasons, bifurcation is the best way to avoid the conflicts resulting in trying Plaintiff's claims together.

## III. Conclusion

Bifurcation of claims and a stay of related discovery would expedite the case and not prejudice either party. Should the jury find in favor of Defendant Officers, a trial against Defendant County would be unnecessary. For the foregoing reasons, the Court GRANTS the Motion.

March 31, 2014 /s/
Charles B. Day
United States Magistrate Judge

CBD/slr