## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

|  |  |  |
|---|---|---|
| BOLARINWA OKEZIE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-13-0168 |
| PRINCE GEORGE'S COUNTY, MARYLAND, et al., | * | |
| Defendants. | * | |

## <u>MEMORANDUM OPINION</u>

Before the Court is Plaintiff's Motion for Sanctions Against All Defendants Due to Spoliation of Evidence ("Plaintiff's Motion") (ECF No. 57-1). The Court has received and reviewed Plaintiff's Motion, related memoranda, and applicable law thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES Plaintiff's Motion.

## I.      Background

Plaintiff Bolarinwa Okezie ("Plaintiff") was arrested on April 19, 2011 and charged with disorderly conduct, obstructing and hindering, and resisting arrest. First Am. Compl. ¶¶ 15, 63. After the arrest of Plaintiff, Defendant Officer Lucy Muse ("Defendant Muse") transported her to the Department of Corrections ("DOC") intake facility. Mot. 3. Plaintiff testified that she made verbal statements during the transport, averring that the officers had engaged in wrongful conduct and that Defendant Muse had made verbal comments evidencing her knowledge that such conduct was unlawful. *Id.*

On August 8, 2013, Plaintiff filed her First Amended Complaint alleging 1) claims of unlawful detention, malicious prosecution, excessive force, First Amendment retaliation, failure to provide medical care, and intentional infliction of emotional distress against the individual Defendant Officers Nicholas Leonard and Lucy Muse (collectively "Defendant Officers"), and 2) a *Monell* violation against Defendant Prince George's County ("Defendant County"). First Am. Compl. ¶¶ 74–153. In her July 18, 2013 request for production of documents, Plaintiff sought the production of videos created during, among other times, the transport of Plaintiff to the DOC. Mot. 4. Defendants first responded that a "video of the Plaintiff's transport to the DOC facility was made at the time of her arrest," but three months later informed Plaintiff by e-mail that "no transport video was created, due perhaps to a camera malfunction." *Id.* In addition, Defendant Muse testified in her deposition "that she could not recall whether the video camera inside her cruiser was operational during Plaintiff's transport." Defs. Opp'n 2. Plaintiff asserts that Defendants had a duty to preserve the audio and video evidence and that their failure to do so severely prejudices her case. Mot. 1.

## II.    Discussion

At issue is the preservation of audio and video evidence covering the substance of communications, allegedly depicting the injuries of Plaintiff, her interaction with Defendant Officers when being placed inside the vehicle, and any interaction with Defendant Muse upon reaching the DOC. Mot. 3. Plaintiff seeks a holding from the Court that "Defendants spoilated relevant evidence through a combination of either intentional or negligent loss or destruction." *Id.* at 11. Plaintiff alleges that Defendants "were aware of their duty to preserve transport video and audio evidence . . . [and that] their failure to provide and/or preserve this critical evidence is

highly suspect." *Id.* at 2. Defendants maintain that such evidence never existed and is irrelevant to Plaintiff's claims. Defs. Opp'n 3–7.

Spoliation is the destruction of material evidence or the failure to preserve evidence, which could be used in a pending or reasonably foreseeable litigation. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Spoliation is not a substantive claim or defense, but a common law evidentiary rule that is applied at the discretion of the trial court. *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004) (quoting *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995)). The duty to preserve evidence is one owed to the Court, not to opposing parties, which is why there is no independent tort of spoliation in this jurisdiction. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 525 (D. Md. 2010).

Spoliation occurs where 1) the evidence was in the party's control; 2) the party had an obligation to preserve the evidence when it was destroyed or altered; 3) the destruction or loss was accompanied by a "culpable state of mind;" and 4) a reasonable factfinder could conclude that the lost evidence was "relevant" to the claims or defenses of the party that sought its discovery. *See Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009). After spoliation is established, there is separate analysis for sanctions. The Court may impose a range of sanctions commensurate to the amount of prejudice caused, including outright dismissal of the case or entry of judgment, an adverse inference jury instruction, the preclusion of testimony regarding the spoiled evidence, or an assessment of attorneys' fees and costs. *See Genuine Dubmax, Inc. v. Greektown LLC*, No. SAG-11-0812, 2012 WL 1664067, at *5 (D. Md. May 10, 2012); *Goodman*, 632 F. Supp. 2d at 506; *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003). Adverse inference sanctions require an appearance that the

spoliation of evidence was intentional, willful, or deliberate. *See Buckley v. Mukasey*, 538 F.3d 306, 323 (4th Cir. 2008) (quoting *Vodusek*, 71 F.3d at 156).

The threshold issue in any motion for spoliation is that the items purportedly destroyed or lost actually existed. *See Hodge*, 360 F.3d at 450–51. Absent gross negligence or bad faith, the burden of proof falls on the party bringing the spoliation claim. *See Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013). A party must prove, not simply believe, that evidence was destroyed or suppressed. *Id.* When a party cannot establish spoliation, sanctions are unwarranted. *See Goodman*, 632 F. Supp. 2d at 509. The Third Circuit recently addressed the issue of spoliation minimums in *Omogbehin v. Cino*, wherein the plaintiff appealed a District Court's denial of a motion for an adverse inference instruction based on the allegation that the plaintiff failed to produce e-mail that may have existed. 485 F. App'x 606, 609 (3d Cir. 2012). Stemming from an employment discrimination suit, the plaintiff filed a motion against his employer for "alleged destruction or suppression of e-mail over a specific date range." *Id.* The plaintiff did not offer evidence that the e-mail messages had ever existed, only that he believed the e-mail messages had existed. *Id.* Furthermore, the defendants testified that they did not send any of the purported e-mail and that they had produced all e-mail from the specified timeframe. *Id.* The Third Circuit concluded that mere hope or expectation is insufficient, as the plaintiff "must provide some proof that what he seeks actually existed." *Id.* at 610.

Here, Plaintiff produced no evidence to show that the transport recordings existed, or that any spoliation occurred, let alone was done intentionally, willfully, or deliberately. Plaintiff states that "it is the policy of the police department to record the transport of all prisoners [and that] Defendant Muse testified that she took the necessary steps . . . for the transport of Plaintiff to record." Mot. 3. Defendants first responded that a "video of [ ] Plaintiff's transport to the

DOC facility was made at the time of her arrest," but three months later informed Plaintiff by e-mail that "no transport video was created, due perhaps to a camera malfunction." *Id.* Plaintiff points to this misstatement, in addition to a Consent Decree that Defendant County entered into with the U.S. Department of Justice in 2004, to support her argument that a transport recording "should have been created." Mot. 1, 4, 9–10. Defendants, however, do not argue that a transport recording should have been created or that they would have had a duty to preserve any transport recordings that had been created, but that such evidence never existed in the first place. Defs. Opp'n 3–7. Despite Defendants' inability to state with any certainty or to provide any evidence regarding why it is "conceivable" that the camera was inoperable, Plaintiff has not satisfied her burden of establishing facts from which the Court could "at least infer that the evidence existed in the first place." *Omogbehin v*, 485 F. App'x at 609. The Court, therefore, cannot find Defendants liable for spoliation and need not reach issues of relevance.[1]

## III.   Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion.

April 11, 2014                                                    /s/
                                                    _____
                                                    Charles B. Day
                                                    United States Magistrate Judge

CBD/slr

---

[1] The Court may allow Plaintiff to present evidence of missing evidence and to invite the trier of fact to infer something therefrom.